SOPHIE WEMPLE AND JULIA NEVIN OF THE VILLAGE OF KINGSTON, COUNTY OF MIDDLESEX AND STATE OF NEW JERSEY, ANNETTE NASSOF, OF THE CITY OF PHILADELPHIA, COUNTY OF PHILADELPHIA AND STATE OF PENNSYLVANIA, JACOB FOX AND MARTIN SIEGEL, OF BOROUGH OF BROOKLYN, COUNTY OF KINGS, CITY AND STATE OF NEW YORK, PLAINTIFFS-RESPONDENTS, v. B. F. GOODRICH COMPANY, A NEW YORK CORPORATION, DEFENDANT-APPELLANT.

Submitted February 14, 1941—Decided April 25, 1941.

For the plaintiffs-respondents, *Milberg & Milberg* (*Henry Milberg*, of counsel).

For the defendant-appellant, *Insley, Decker & Cross* (*William E. Decker*, of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiffs have recovered judgment in the Hudson County Circuit Court and the defendant appeals. The plaintiffs were stockholders of the Nevin Transit, Inc., Nevin Midland Lines, Inc., and Silver Dart Lines, Inc., motor-bus companies which were operated by Harris and William Nevin. The defendant, B. F. Goodrich Company, a New York corporation, was a creditor of these bus

lines and held judgments recovered in New York State of $30,168.30 against Harris Nevin and $7,438.81 against William Nevin. The judgment debtors entered into a written agreement on December 20th, 1935, with the judgment creditor (defendant) the substance of which was that these parties agreed to settle these debts for the sum of $10,500. In accordance with this agreement $6,500 was paid when the agreement was signed and $500 more was to be paid on or before December 28th, 1935, which also was done. Payment of the balance of $3,500 was provided for in this fashion: The debtors, Harris and William Nevin, agreed to obtain for the creditor an assignment in that amount "on the purchasers of stock of various Nevin Lines, which purchasers have been represented by" a Mr. McEwing of the New York and a Mr. Dittmar of Chicago. The agreement further recited that the debtors warranted "that the sum of $25,000 is due and payable from the purchasers on the first day of February, 1936, and that the assignment of $3,500 hereinabove referred to is upon the said sum of $25,000 due on February first, as aforesaid." In other words, the bus lines operated by the Nevins were under sale and the assignment in the amount of $3,500, sufficient to settle the judgment against the Nevins, was given by William Nevin "as attorney in fact for the officers, directors and stockholders of three bus companies." Upon payment of $500, mentioned above, on December 28th, 1935, the defendant, Goodrich Company, assigned the judgment against William Nevin, in the amount of $7,438.81 to Sophie Wemple, Julia Nevin, Jacob Fox and Martin Siegel, the plaintiffs in this action. Four days prior to the agreement between the Nevins and the defendant, William Nevin, as attorney in fact for the stockholders of the bus lines, had agreed to sell all of the capital stock of the three corporations for the sum of $125,000, the stock to be delivered to one Carden to whom McEwing was to make five payments of $25,000 each. Two of the five installment payments apparently were made as agreed. The third payment was due on February 1st, 1936; the fourth, three months thereafter, and the fifth two months after that. It was out of the third payment scheduled to be paid on February 1st, 1936, that the final payment of $3,500 to the

defendant was to be made. This payment from Mr. McEwing, which had been warranted in the contract settling the judgment debts between the defendant and Nevins "as due and payable" on February 1st, 1936, was not made nor were subsequent payments made because as the witness, William Nevin, said, "two of the three companies were placed in 77B reorganization in the Federal District Court of New York by the purchasers."

The Goodrich Company was represented by a firm of New York lawyers, Messrs. Shestack & Shestack. Tender of the outstanding balance of $3,500 was not made to Mr. Shestack, representing the judgment creditor, until February 2d, 1938, two years after the contemplated time, when it was refused.

By the original agreement between the debtors (Nevins) and the creditor (Goodrich Company) it was stipulated that when the final payment of $3,500 was made, the creditor was to assign to the stockholders of the bus lines, i. e., the present plaintiffs, the judgment for $30,168.36 against Harris Nevin, as well as any claims it might have against the three bus lines in consideration of "the consent of the said stockholders to the assignment to the judgment creditor in the sum of $3,500," out of the $25,000 due from the McEwing interests as the third payment. Meanwhile, i. e., between February 1st, 1936, and February 2d, 1938, Mr. Shestack, as attorney for the creditor, had received dividends in the bankruptcy reorganization proceeding in an amount exceeding $9,000. In this suit the plaintiffs, being the stockholders of the bus companies alleged that there had been legal compliance with the terms of the agreemnt made by the Nevins and the Goodrich Company in December, 1935, by a tender of the balance of $3,500 due under that agreement on February 2d, 1938, and they demand an assignment of the claims against the bus companies aforesaid or the proceeds thereof (i. e., dividends paid) and an assignment of the judgment held by the Goodrich Company against Harris Nevin.

The case was fully tried, submitted to the jury and a verdict was returned in favor of the plaintiffs for $4,870.34, and judgment was accordingly entered. During the course of the trial the defendant assigned the Harris Nevin judgment to

the plaintiffs and the Nevins were joined as parties plaintiff to the suit.

Four grounds of appeal are argued; the first two charge that the court erred in refusing to nonsuit and to direct verdict for the defendant; the third is a challenge to the charge of the trial court, and the fourth is that the court erroneously admitted certain evidence.

The appellant would support its motion for nonsuit on the ground that the contract from which plaintiffs' rights emerge had not been performed but had been breached because of failure of the payment of $3,500 on February 1st, 1936, which it claimed was due and payable on that date; further, if payment was not due on that exact date as a matter of law but within a reasonable time thereafter, nevertheless the tender, when made, was not made within such reasonable time. The motion for direction of verdict is supported on practically the same grounds.

It is appellant's further contention that there was no proof of a breach of the contract of December 20th, 1935, by it and therefore there should have been either a nonsuit or direction of verdict in its favor. Its argument necessarily is that $3,500 was due to defendant on February 1st, 1936, and when it was not paid by the debtors Nevin the defendant was absolved of all duty in the premises and excused from further performance on its part. A reading of the contract fails to support this construction for which the appellant contends. Such construction cannot be given the contract, by its express terms or by implication. Nothing whatever is said in the agreement concerning the contingency that arose in this case, namely, the non-payment by the purchaser of the bus lines of the $25,000 installment out of which it was stipulated the defendant should have an assignment of $3,500. The judgment debtors in that agreement warranted that the sum of $25,000 would be "due and payable" on February 1st, 1936. As a matter of fact, it was due and payable on that date although it was never paid. There is no provision whatever as to the time when the debtors personally should pay the $3,500 balance in case the asset upon which they relied failed. No provision whatever is made for the unexpected failure of

the third payment from the McEwing interests. Of course, the debtors were not absolved from paying that which they agreed would be paid but it is clear beyond debate that no time was fixed in the event of the contingency which actually happened and, under such circumstances, the time for making such payment is within reasonable time. On this phase of the appeal we hold that the failure of the debtors Nevin to pay on February 1st, 1936, was not a breach of their contract with the defendant but that they had a reasonable time within which their covenant might be performed.

It is next said that the plaintiffs should not succeed unless full performance of the debtors' covenants in the contract was proved. This may be conceded. Their agreement had been performed with the exception of a final payment and the proof persuaded the jury that that final payment was tendered within a reasonable time and refused, which was all that was called for in the circumstances.

It is next argued that the court erred, under the conditions present in this case, in permitting the jury to determine what was a reasonable time under all the facts and circumstances. We are of the opinion that it was not error to have left that issue to the jury. Where, as here, no time is fixed for the performance of a covenant, the law implies that it shall be done within a reasonable time. For example, an agreement that a vendor would repurchase securities from a vendee "at any time" was held to mean within a reasonable time after the sale, and whether demand for repurchase, when made, was made within a reasonable time was held to be a jury question. *Blatt* v. *Boardwalk Securities Co.*, 114 *N. J. L.* 477; see, also, *Edge* v. *Boardwalk Securities Co.*, 115 *Id.* 286. When facts are in dispute and when the evidence would support inconsistent inferences, the question of reasonable time is one of fact. See *New Jersey School, &c., Furniture Co.* v. *Board of Education*, 58 *Id.* 646; *Burr* v. *Adams Express Co.*, 71 *Id.* 263, 269. It is only where facts are not in dispute and divergent inferences cannot arise that the question of reasonable time is one for the court rather than the jury. *Wright* v. *Bank of Metropolis*, 110 *N. Y.* 237; *Loring* v. *City of Boston*, 48 *Mass.* 409; see *Lastowski* v. *Lawnicki*, 115 *N. J. L.* 230. In this case the question was one for the jury.

It is next argued that there was no conduct on the part of the appellant that indicated its willingness to accept payment long delayed or waive an early performance of the contract to pay the amount due and that nothing that appellant did made out an estoppel against the position it presently takes on this appeal. However, the witness, William Nevin, testified that Mr. Shestack was in full charge of the defendant's interest in this matter; that he went to that attorney's office in New York, with whom all matters relative to this transaction had been had; that at the time the bus companies were under reorganization in the Bankruptcy Court; that both Mr. Shestack and Mr. William Nevin were present at a meeting of the creditors and that Mr. Shestack, in reply to a question by Nevin, said that he was not worried about the $3,500 payment that was still owed and that the matter could lie over until after the litigation in the Bankruptcy Court was ended. Of course, there might be grave question as to the authority of Mr. Shestack to acquiesce in delay or to make agreement to wait and bind his client thereby, but such testimony is in the record in detail and there is no appropriate exception thereto. At the beginning of the testimony of the witness, William Nevin, in this phase of the case, he was asked, "Can you tell us what was done with respect to the payment of that balance of $3,500 to the Goodrich Company?" The appellant entered an objection which was overruled. No exception was entered to the ruling. Following this there are several pages of colloquy between court and counsel for the respective parties which had to do in the main, as we read the record, with whether or not because of the default in the payment by McEwing, the $3,500 balance was or was not due as of the date when it would have been due had the McEwing installment been paid. Subsequent to that the witness testified to his conversation with counsel for the Goodrich Tire Company, and this without objection. At the very end of that phase of Mr. Nevin's testimony objection was entered by appellant as follows: "My objection was to that question as to which I understand you have ruled against me." There is nothing in the record showing what is meant by "that question." The court replied, "Well, there was an interruption.

You moved to strike out that testimony and the motion will be denied." If there was a motion to strike out the testimony of Mr. Nevin on this element of the case (and we observe in passing that we find no such motion in the record) it came too late and there was no error in denying it.

Finally, it is said that the court erred in the admission of evidence. William Nevin was still on the witness stand. It appears that he and his counsel called at Mr. Shestack's office on February 2d, 1938, to tender the $3,500 still due and owing, in cash. The question was "Will you tell us what transpired at that place on that date?" Appellant objected on the ground of immateriality and not within the scope of the pleadings. The court overruled the objection. The argument is that Mr. Shestack was not the person to whom the $3,500 should have been paid and therefore the matter was immaterial. This does not at all follow. Mr. Shestack, the New York counsel in question, was the person selected to bring suit against the debtors Nevin and there was testimony in the case which went in without objection that the firm of Shestack & Shestack were counsel in this matter. It was part of the plaintiffs' case to prove the complete performance of the covenants upon which they relied and at this juncture, to prove tender of the amount due. We perceive no error in having admitted this testimony.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 16.

*For reversal*—None.