67 N.J. Super. 259 (1961)
170 A.2d 514
C.F. MUELLER COMPANY, A CORPORATION OF THE STATE OF DELAWARE, PLAINTIFF,
v.
UNITED BAKERY, CONFECTIONERY, CANNERY, PACKING & FOOD SERVICE WORKERS UNION OF NEW JERSEY, LOCAL 262, C.I.O., AFFILIATED WITH THE UNITED RETAIL, WHOLESALE & DEPARTMENT STORE WORKERS UNION, C.I.O., AN UNINCORPORATED ASSOCIATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 13, 1961.
*260 Messrs. O'Mara, Schumann, Davis & Lynch, attorneys for plaintiff (Mr. Gerald F. O'Mara, appearing).
Messrs. Rothbard, Harris & Oxfeld, attorneys for defendant (Mr. Abraham L. Friedman, appearing).
COLLESTER, J.S.C.
This is an action brought by the plaintiff, C.F. Mueller Company, a corporation, (hereinafter referred to as the company) against the defendant, United Bakery, Confectionery, Cannery, Packing and Food Service Workers Union of New Jersey, Local 262, C.I.O., Affiliated with the United Retail, Wholesale & Department Store Workers Union, C.I.O., a labor organization, (hereinafter referred to as the union), for a judgment under the Uniform Declaratory Judgments Law (N.J.S. 2A:16-50 et seq.).
The facts are not in dispute. Briefly stated, the union filed a grievance with the company on behalf of one John Nash, a member of the union and an employee of the company, claiming that Nash should receive a day's pay for December 12, 1959. The first two steps in the grievance procedure provided for in the collective bargaining contract between the company and the union were completed, and on December 21, 1959, pursuant to step 3 of the grievance *261 procedure, a meeting was held between the plaintiff's plant manager and the defendant's business agent. On the same date, following the meeting, the company notified the union in writing that it would not pay Nash the one day's pay involved in the dispute.
On January 12, 1960 the union through its attorney gave notice to the company of its desire to take the disputed issue to arbitration. The plaintiff refused to participate in the proposed arbitration, contending that such notice was not given within the time period provided for in the contract, and thereafter filed its complaint in this court. The arbitration has been restrained pending a determination of the issues raised in this case.
The first issue raised relates to the jurisdiction of this court, namely, whether this court has the power to decide the issues raised or whether they must be decided by the New Jersey State Board of Mediation.
The plaintiff contends that the particular grievance here involved is not arbitrable under the terms of the contract itself and that this court should interpret the arbitration clause of the contract to determine whether the dispute is arbitrable thereunder since a procedural requisite was not complied with by the defendant.
The defendant concedes that state courts have concurrent jurisdiction to enforce federal law including section 301 of the Labor Management Relations Act of 1947 (29 U.S.C., sec. 185(a), 29 U.S.C.A. § 185(a). However, the defendant contends that the issue of whether or not the grievance is arbitrable is solely for the arbitrator named in the agreement.
Both parties have referred to the decisions rendered by the United States Supreme Court on June 20, 1960, viz: United Steelworkers of America v. American Manufacturing Company, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960), and the companion cases of United Steelworkers of America v. Warrior & Gulf Navigation Company, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), and United *262 Steelworkers of America v. Enterprise Wheel & Car Corporation, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The American and Warrior cases involved actions to compel arbitration, whereas Enterprise involved an attack upon an arbitrator's award.
In Steelworkers v. American Mfg. Co., supra [363 U.S. 564, 80 S.Ct. 1345], suit was brought by a union under section 301(a) of the Labor Management Relations Act of 1947 to compel the employer to arbitrate a dispute pursuant to a collective bargaining agreement. The employer contended that the dispute involved was not arbitrable under the agreement. The relevant arbitration provision of the agreement stated:
"Any disputes, misunderstandings, differences or grievances arising between the parties as to the meaning, interpretation and application of the provisions of this agreement, which are not adjusted as herein provided, may be submitted to the Board of Arbitration for decision." (Emphasis added)
Mr. Justice Douglas, in his opinion for the court, stated, 363 U.S., at page 567, 80 S.Ct., at page 1346:
"The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is then confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for.
The courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. The agreement is to submit all grievances to arbitration, not merely those [which] the court will deem meritorious. * * *
There was * * * a dispute between the parties as to `the meaning, interpretation and application' of the collective bargaining agreement. Arbitration should have been ordered. When the judiciary undertakes to determine the merits of a grievance under *263 the guise of interpreting the grievance procedure of collective bargaining agreements, it usurps a function which under that regime is entrusted to the arbitration tribunal."
In Steelworkers v. Warrior & Gulf Co., supra, and Steelworkers v. Enterprise Corp., supra, the arbitration provisions in the collective bargaining contracts involved likewise provided that differences as to the meaning and application of the provisions of said agreement should be submitted to an arbitrator and his decision shall be final and binding on the parties.
In the instant case the pertinent terms of article 11 of the contract which establishes the grievance procedure including arbitration are as follows:
"(2). In the event that any dispute, difference, or grievance, under this contract shall arise between an employee and the Employer it shall be settled in the following manner, excluding Articles VII and VIII.
Step 1. The departmental Steward shall take the matter up with the departmental foreman or supervisor of this department. If this is not satisfactorily disposed of within 24 hours, then:
Step 2. The grievance shall be reduced to writing, numbered and dated, and copies forwarded to the Chief Shop Steward and the Plant Manager. These two shall arrange for a conference. As a result of the conference a written answer to the grievance shall be given to the representative of the Union after the conference. If this issue is not satisfactorily disposed of within twenty-four hours, then:
Step 3. The matter shall be referred to the Local's Business Agent, or other authorized representative, and the Employer's representative for disposition. The Employer will answer in writing to the Chief Steward, or Business Agent, or authorized Union representative. If no satisfactory agreement is reached within one week, then:
Step 4. The dispute will be submitted to an arbitrator for his determination, upon either party giving the other party two weeks notice of its desire to arbitrate. The arbitrator shall be selected by mutual agreement of the parties. If the Company and the Union are unable to mutually agree upon the designation of the arbitrator, then the arbitrator shall be designated by the New Jersey State Board of Mediation in accordance with its rules. The decision of the arbitrator shall be final and binding on the parties. The arbitrator shall make his determination and issue his decision no later than two weeks from the date of the conclusion of the hearings.
*264 (3). Any grievance not appealed from one step to the other within the time limits above set forth, shall be deemed settled on the basis of the previous answer and not subject to further review."
It must be readily observed that the arbitration clause in the case sub judice differs substantially from the provisions which were involved in the Steelworkers cases. In the latter the parties specifically agreed to arbitrate the meaning, interpretation and application of the provisions of the collective bargaining agreement. In the instant case the parties agreed only to arbitrate "any dispute, difference, or grievance, under this contract."
Unless the parties contract to arbitrate, they cannot be forced to do so. In United Steelworkers of America v. Warrior & Gulf Navigation Co., supra, 363 U.S., at page 582, 80 S.Ct., at page 1353, the court said:
"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."
In his concurring opinion in United Steelworkers of America v. American Mfg. Co., supra, Mr. Justice Brennan stated, 363 U.S., at page 570, 80 S.Ct., at page 1364:
"To be sure, since arbitration is a creature of contract, a court must always inquire, when a party seeks to invoke its aid to force a reluctant party to the arbitration table, whether the parties have agreed to arbitrate the particular dispute. In this sense, the question of whether a dispute is `arbitrable' is inescapably for the court."
And at page 571 of 363 U.S., at page 1365 of 80 S.Ct., Mr. Justice Brennan said:
"Since the arbitration clause itself is part of the agreement, it might be argued that a dispute as to the meaning of that clause is for the arbitrator. But the Court rejects this position, saying that the threshold question, the meaning of the arbitration clause itself, is for the judge unless the parties clearly state to the contrary." (Emphasis added)
*265 It is my opinion that the plaintiff and defendant in their collective bargaining agreement did not "clearly state to the contrary." The language of article 11 indicates that the parties intended to submit to arbitration only "disputes, differences or grievances" arising under the terms of the contract. They did not agree to submit the meaning or interpretation of the contract to arbitration. It is my opinion that the plain meaning of the words "dispute, difference, or grievance" does not include "meaning, application or interpretation" of the contract. If the parties intended to arbitrate the meaning, application or interpretation of the contract, they should have said so.
It is my opinion that the "threshold question"  the meaning of the arbitration clause itself, is for this court and not a matter to be decided by an arbitrator.
The next issue is whether or not the Nash grievance is arbitrable under the language contained in the arbitration clause. The pertinent language is as follows:
"Step 3. * * * If no satisfactory agreement is reached [under Step 3] within one week, then:
Step 4. The dispute will be submitted to an arbitrator * * * upon either party giving the other party two weeks notice of its desire to arbitrate. * * *" (Emphasis added)
The step 3 grievance procedure took place on December 21, 1959 and the union did not give notice of its desire to arbitrate the dispute until January 12, 1960.
The plaintiff contends that the defendant was "out of time under Step 4," and thus under section 3 of article 11 the grievance had been deemed settled and was not subject to further review.
Obviously, the question involved is the plain meaning of the words employed. The two-week period referred to in step 4 indicates that the party desiring arbitration must notify the other side of its intention at least two weeks before such a hearing can be held. Presumably plaintiff's contention is that the union was required to give such notice within one week following December 21, 1959, after *266 the company had notified defendant of its refusal to award Nash one day's pay.
In my opinion the plain meaning of the words used does not limit arbitration to such a period. The use of the word "then" following the words "within one week" indicates that the arbitration procedure called for under step 4 will not be invoked until one week has elapsed after the parties fail to agree in the procedure called for under step 3. The definition of the word "then" is  "Soon or immediately after this; for a time thereafter; next after that in order of time:" Webster's New International Dictionary. (Emphasis added)
It is evident that the parties did not specify a time limitation in the agreement for either party to submit a dispute to arbitration under step 4. Where no time limitation is provided in such an agreement, the law implies that such action must be taken within a reasonable time. Boston Mutual Life Ins. Co. v. Insurance Agents International Union, 258 F.2d 516 (1 Cir. 1958). This implication has long been followed in our courts. McGraw v. Johnson, 42 N.J. Super. 267 (App. Div. 1956); Wemple v. B.F. Goodrich, 126 N.J.L. 465 (E. & A. 1941).
It is my judgment that the 16-day period which elapsed following the expiration of the one-week period prescribed in step 3 was not an unreasonable time.
In summation, I find that (1) the interpretation of the meaning of the arbitration clause contained in this collective bargaining agreement is a matter for the court and not for an arbitrator, and (2) the plain meaning of the language used in the arbitration clause is that the subject matter of the grievance was arbitrable since no time limitation is prescribed for the submission of the grievance to arbitration, and the period which elapsed was not such an unreasonable time as to bar defendant from submitting the grievance to arbitration.
A judgment in accordance with the foregoing opinion will be submitted to the court.